WENDER PRESSES, INC., *v.* CITY OF DETROIT.

1. TAXATION—EXEMPTION—STORAGE IN WAREHOUSE—PERSONALTY—
IN TRANSIT.

   Personalty is exempt from the general property tax where it is
   *stored* in a public warehouse, dock, or port facility, on December
   31st of the tax year, and which has been designated as in
   transit to points out of the State and as to which freight bills
   have been filed as provided by statute (CLS 1961, § 211.9).

2. SAME—EXEMPTION—STORAGE IN WAREHOUSE—PERSONALTY DES-
TINED FOR SHIPMENT OUT OF STATE.

   Personalty is exempt from the general property tax where it is
   *stored* in a public warehouse, dock, or port facility, on December
   31st of the tax year, where it is owned or possessed by a State
   resident or one authorized to do business in the State and
   which is not for sale or use in this State, being, instead
   destined for shipment outside the State (CLS 1961, § 211.9).

3. SAME—EXEMPTION—USED MACHINERY—STORAGE.

   Exemption of personalty from general property tax where located
   in a public warehouse, dock, or port facility is limited to goods
   *stored,* and would not include used machinery which is dis-
   played, repaired, cleaned, or repainted while located in the
   warehouse (CLS 1961, § 211.9).

4. COSTS—PUBLIC QUESTION—EXEMPTION OF PERSONALTY FROM TAX-
ATION.

   No costs are allowed in taxpayer's appeal relative to exemption
   from personal property taxes on used machinery, located but
   not *stored,* in a public warehouse, a public question being in-
   volved (CLS 1961, § 211.9).

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 15 Am Jur 2d, Commerce § 51.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

Appeal from State Tax Commission; Submitted May 13, 1965. (Calendar No. 38, Docket No. 50,778.) Decided October 4, 1965.

Exemption requested by Wender Presses, Incorporated, a Michigan corporation, for certain machinery held in public warehouses in the city of Detroit. Exemption denied by Detroit board of review. Appeal to State tax commission. Affirmed. Appeal to Supreme Court by taxpayer. City of Detroit intervenes as defendant. Affirmed.

*Goodman, Crockett, Eden, Robb & Philo* (*Richard Goodman,* of counsel), for taxpayer.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *T. Carl Holbrook* and *William D. Dexter,* Assistant Attorneys General, for defendant State tax commission.

*Robert Reese,* Corporation Counsel, *Julius C. Pliskow* and *Nick Sacorafas,* Assistants Corporation Counsel, for intervening defendant city of Detroit.

T. M. KAVANAGH, C. J. Appellant Wender Presses, Inc., appeals, on leave granted, from an order of affirmance by the State tax commission of the city of Detroit's refusal to exempt certain machinery equipment under the public warehouse exemption provisions of the general property tax act.[1]

Appellant is a Michigan corporation organized for the purpose of dealing and trading in used equipment. It purchases used machinery equipment from many places around the United States and abroad and resells it to the trade. Some, but not all, of appellant's inventory is shipped from the situs of pur-

---

[1] CLS 1961, § 211.9 (Stat Ann 1960 Rev § 7.9).

chase to Detroit for storage. Most of the inventory is sold and shipped to appellant's purchasers outside the State of Michigan.

Appellant agrees that only those items of inventory destined for sale and use outside the State of Michigan are entitled to exemption.

Pursuant to the statute, appellant filed a personal property tax information sheet and return with the board of assessors of the city of Detroit, together with a request for exemption of the personal property in storage in a public warehouse. The request for exemption listed 9 pieces of machinery equipment located in the Machinery Storage & Terminal Warehouse, 1957 Clay, Detroit, and 16 pieces of machinery equipment located in the Midland Public Warehouse, 6660 Mt. Elliott, Detroit.

The board of assessors for the city of Detroit refused appellant's request for exemption. Appeal was taken to the board of review of the city of Detroit. The board of review on March 28, 1963, affirmed the decision of the board of assessors. Appellant then took an appeal to the State tax commission, and by an order dated January 7, 1964, the State tax commission affirmed the exemption refusal.

Appellant claims that, to be entitled to the exemption, it is only necessary to show 4 things: first, that the goods in issue are all "located in a public warehouse"; second, that appellant is the owner of the goods in question within the terms of section 9 of the statute; third, that appellant is a resident of and authorized to do business in Michigan; fourth, that appellant has filed with the board of assessors a statement under oath that the machinery involved in this appeal is not for sale or use in and will be shipped to a point or points outside the State of Michigan.

The pertinent part of the statute involved reads as follows:

"Sec. 9. The following personal property shall be exempt from taxation, to wit:   *   *   *

"Twelfth, All products, materials and/or goods processed or otherwise and in whatever form but expressly excepting alcoholic beverages, located in a public warehouse, dock or port facility on December 31, 1958, and each December 31 of each year thereafter, if such products, materials and/or goods have been designated as in transit to destinations out of State pursuant to the published tariffs of any railroad or common carrier by the filing of the freight bill covering such products, materials and/or goods with the agency designated by such tariffs, so as to entitle the shipper to transportation rate privileges: Provided, That to obtain exemption the owner shall be required to file a sworn statement with, and in the form required by the assessing officer, of the tax district in which the warehouse, dock or port facility is located, at a time between the tax day, December 31, and before closing of the assessment rolls by the assessing officer, describing the products, materials and/or goods and reporting its cost and value as of December 31 of each year: Provided, That the status of persons, and products, materials and/or goods for which exemption is requested shall be determined as of December 31, which shall be the tax day. The assessment on the basis of average monthly inventory shall not apply in valuing products, materials and/or goods for which exemption is requested: Provided, That any property located in any public warehouse, dock or port facility on December 31 of each year, which is exempt from taxation under this provision but which is not shipped outside the State of Michigan pursuant to the particular tariff under which such transportation rate privilege was established, shall be assessed upon the next succeeding or any subsequent assessment roll by the assessing officer and taxed at the

same rate of taxation as other taxable properties
for the year or years for which such property was
exempted, to the owner at the time of such omission;
or if the owner or person entitled to possession of
such products, materials and/or goods shall be a
resident of or authorized to do business in Michigan
and shall file with the assessing officer, with whom
statements of taxable property are required to be
filed, a statement under oath that said products,
materials and/or goods are not for sale or use in,
and will be shipped to a point or points outside the
State of Michigan."

The twelfth subdivision of section 9 of the general
property tax act provides two distinct bases for
exemption of personal property from the property
tax.

The first applies to personalty located in a public
warehouse, dock, or port facility, on December 31st
of the tax year, which has been designated as in
transit to points out of the State and as to which
freight bills have been filed as provided by the stat-
ute.

The second basis[2] for exemption applies to such
personalty located in a public warehouse, dock, or
port facility, on December 31st of the tax year, which
is owned or possessed by a Michigan resident or
one authorized to do business in Michigan and which
is not for sale or use in Michigan being, instead,
destined for shipment outside the State.

In both instances there is provision made for sub-
sequent assessment of the property tax upon per-

---

[2] "or if the owner or person entitled to possession of such products,
materials and/or goods shall be a resident of or authorized to do busi-
ness in Michigan and shall file with the assessing officer, with whom
statements of taxable property are required to be filed, a statement
under oath that said products, materials and/or goods are not for sale
or use in, and will be shipped to a point or points outside the State
of Michigan."

sonalty claimed to be exempt but which subsequently was not shipped outside the State.

Appellant claims exemption in this case under the second provision. It contends it is not necessary to have the goods "in storage" in a public warehouse on the tax day, but only to have them located in a public warehouse on the tax day.

An examination of the entire section, and particularly the last paragraph of the twelfth subdivision, reading:

"For the purpose of this section, a public warehouse, dock or port facility is defined as any warehouse, dock or port facility owned or operated by any person, firm or corporation engaged in the business of storing products, materials and/or goods for hire for profit who issues a schedule of rates for storage of such products, materials and/or goods and who issues warehouse receipts pursuant to the provisions of Act No 303 of the Public Acts of 1909: Provided, That no portion of a public warehouse, dock or port facility leased to a tenant or no portion of any premises owned or leased or operated by a consignor or consignee or any affiliate or subsidiary of such consignor or consignee shall be deemed to be a public warehouse, dock or port facility,"

clearly indicates that the legislature intended the exemption to apply only to property located in a *public warehouse,* as therein defined, *for the purpose of storage.* The portion of the statute above quoted refers to "any warehouse * * * engaged in the business of storing products, materials and/or goods for hire for profit who issues a schedule of rates for storage of such products, materials and/or goods and who issues warehouse receipts."

Appellant contends that the reference to a "schedule of rates for storage" is for definitional purposes only and that so long as goods are located in a warehouse, it does not matter for what purpose they are

so located. The exemption, however, is clearly limited to storing products in a public warehouse *for sale and/or use outside of Michigan.*

The record discloses testimony that appellant Wender Presses was actually doing the things which a person would do in operating a used machinery business, such as having machinery on display, repairing of machinery, the repainting of machinery, and other things which would be done ordinarily in an ordinary place of business and not in a public warehouse where machinery is completely and solely under the control of the warehouse.

In answer to a question, Mr. Goodman, the attorney for Wender Presses, replied as follows:

"I believe that the machinery is displayed, that is customers are shown the machinery in the warehouse, I think that is correct."

Subsequently, to another question he replied:

"Yes, buyers are brought to the warehouse to look at the machines, machinery is sometimes painted."

The board of assessors as well as the State tax commission found as a fact that the machinery was not "in storage" in a public warehouse within the meaning of the act. They therefore denied appellant the exemption. We conclude they were correct in so finding and denying the exemption.

Affirmed. A public question being involved, no costs are taxed.

DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.